UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

MICHAEL GANT,

Defendant.

---

22-CR-310-02 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On September 5, 2023, defendant Michael Gant pled guilty to (1) racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One) and (2) using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Seven). Dkt. 76 (transcript). On April 17, 2024, the Court sentenced Gant to 192 months' imprisonment: 132 months on Count One, followed by 60 months on Count Seven. Dkt. 116 ("Judgment").[1] As relevant here, in the course of sentencing Gant, the Court considered, as relevant conduct to Count One, "two acts of firearm possession for which [Gant] is being prosecuted in New York State." Judgment at 3; *see also* Tr. 45–46, 50–51, 71. In the Judgment, the Court thus "recommend[ed] to any state-court judge that, to the extent a state-court sentence is based on those two acts of firearm possession, that sentence should run concurrently to the sentence imposed on Count One in this case." Judgment at 3.

Gant moves under Federal Rule of Criminal Procedure 35(a) for amendment of the judgment to require that any anticipated state sentence run concurrently to the federal sentence.

---

[1] The transcript for Gant's sentencing has not yet appeared on the docket of this case. In this Order, the Court cites to the draft transcript as "Tr."

1

Dkt. 118. He points to U.S.S.G. § 5G1.3(c), which provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." The Government opposes Gant's motion. Dkt. 121.

The Court denies the motion.[2] Rule 35(a) allows for the correction of a sentence infected by "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). But the Court did not err. At sentencing, Gant's counsel raised U.S.S.G. § 5G1.3(c), and its recommendation of concurrent rather than consecutive sentences. Tr. 45. The Court duly considered that argument. The Court decided, however, that it would not be appropriate "to commit to that relationship of sentences," given "that the state prosecution covers or may cover some other conduct," and that the decision as to the extent to which any state sentence was based on the two acts of firearms possession, as opposed to other conduct, ought to be made by the state court upon a more developed factual record. Tr. 44–45.

---

[2] Separately, as the Government notes, although Gant's motion was timely filed, the Court likely lacks jurisdiction at this time to amend the judgment. A judgment may be corrected under Rule 35(a) only "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). Gant was sentenced on April 17, 2024—21 days ago. "If a [Rule 35(a)] motion is timely made but not decided within the [14-day] period, the judge's power to act under the rule subsides and the pending motion is deemed denied." *United States v. Abreu-Cabrera*, 64 F.3d 67, 74 (2d Cir. 1995) (citation omitted). Indeed, although Rule 45(b)(1) generally allows a court to extend deadlines provided in the Federal Rules of Criminal Procedure, Rule 45(b)(2) bars a court from "extend[ing] the time to take any action under Rule 35"; based on this principle, several courts of appeals have held that a court may not "extend [its] jurisdiction to dispose of [a Rule 35(a)] motion beyond" the period established in Rule 35(a). *See United States v. Green*, 405 F.3d 1180, 1186 (10th Cir. 2005) (no jurisdiction to correct sentence despite fact that defendant's motion was timely filed and district court, before expiration of Rule 35(a) deadline, entered an order scheduling further briefing and argument); *see also United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003); *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006); *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

That judgment was permissible—not to mention sensible given this Court's inability for forecast with precision the potentially varied factual bases that may underlie a state sentence yet to be imposed. "[D]istrict courts are obliged to *consider* § 5G1.3(c)." *United States v. Lopez*, No. 22 Cr. 1071, 2023 WL 7146581, at *1 (2d Cir. Oct. 31, 2023) (emphasis added). The Court did so here. District courts are not obliged to *follow* § 5G1.3(c), and a court has discretion not to do so. *See United States v. Ojeda*, 946 F.3d 622, 628 (2d Cir. 2020); *see also United States v. Lynn*, 912 F.3d 212, 216–19 (4th Cir. 2019) (district court did not abuse discretion in declining to order that federal sentence run concurrently with anticipated state sentence given its "lack of information" about the nature and extent of the state offense conduct). There were good reasons for the Court not to inexorably require that a sentence to be imposed in a state-court case run concurrently with that here: specifically, the Court's inability to foresee the full range of conduct on which such a sentence would be based. For that reason, after thoughtful consideration, the Court exercised its discretion (1) to recommend in firm and clear terms that any state sentence run concurrently to Gant's federal sentence to the extent such a sentence was based on conduct for which this Court had sentenced Gant, but (2) to leave that the determination to the state court. Judgment at 3. The Court declines to revisit that assessment.[3]

---

[3] Gant references 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." That provision is irrelevant here. It refers to situations in which a second prison term is "imposed on a defendant who is already subject to an undischarged term of imprisonment." *Setser v. United States*, 566 U.S. 231, 234–35 (2012). It does not address the situation here, in which the federal sentence was imposed before the state sentence.

3

SO ORDERED.

                                                     PAUL A. ENGELMAYER
                                                     United States District Judge

Dated: May 8, 2024
        New York, New York